SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
JOHN T. BROOKS, Cal. Bar No. 167793
JEFFREY V. COMMISSO, Cal. Bar No. 191267
ANDREW C. DANE, Cal. Bar No. 319601
501 West Broadway, 19th Floor
San Diego, California 92101-3598
Telephone:   619.338.6500
Facsimile:   619.234.3815
E mail       jbrooks@sheppardmullin.com
              jcommisso@sheppardmullin.com
              adane@sheppardmullin.com

Attorneys for Plaintiff TRAVELERS PROPERTY & CASUALTY COMPANY OF AMERICA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| TRAVELERS PROPERTY AND CASUALTY COMPANY OF AMERICA,<br><br>        Plaintiff,<br><br>  v.<br><br>ADRIAN JUAN ZAVALA,<br><br>        Defendant. | Case No.<br><br>**COMPLAINT FOR BREACH OF CONTRACT** |
|---|---|

SMRH:4868-0360-0501.1

-1-

COMPLAINT

## SUMMARY OF THE ACTION

1. This is an action to enforce a settlement agreement and for damages caused by Zavala's breach of that agreement. Plaintiff Travelers Property and Casualty Company of America insured Coastal Pacific Food Distributors, Inc. under an automobile insurance policy with liability coverage. On July 21, 2021, Costal Pacific's employee, David Alcantar, was driving an insured vehicle when he struck a car driven by Adrian Juan Zavala. Zavala was injured. Zavala hired lawyers to represent him in connection with his claims arising out of the collision. Zavala's lawyers contacted Travelers and after negotiation agreed to settle Zavala's claims against Coastal Pacific and Alcantar for $415,000. Zavala later reneged on the agreement and sued Coastal Pacific and Alcantar.

## PARTIES

2. Plaintiff Travelers Property and Casualty Company of America ("Travelers") is a corporation organized and existing under the laws of the State of Connecticut, with its principal place of business in Hartford County, Connecticut. Travelers does not have substantial predominance of its corporate activities in the State of California. Its corporate "nerve center," where the majority of its executive and administrative functions are performed, is in Hartford, Connecticut. Thus, Travelers is a domiciled in the State of Connecticut for purposes of diversity jurisdiction.

3. Defendant Adrian Juan Zavala ("Zavala"), is a competent adult who is a California citizen and domiciled in California.

4. Travelers is informed and believes and on such information and belief alleges that at all times relevant to this action Eric S. Chun and the Avrek Law Firm were the attorneys, agents, servants, and employees of Zavala, and in doing the things alleged below were acting in the scope of their authority as such attorneys agents, servants, and employees with the permission and consent of their client.

## JURISDICTION

5. The Court has jurisdiction under 28 U.S.C. § 1332 because this is a civil action between citizens of different states where the matter in controversy exceeds $75,000, exclusive of interest and costs.

## VENUE

6. Venue is proper in this Court under 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to the action occurred in this district.

## COMMON ALLEGATIONS

7. Travelers issued automobile policy number CAP-2918B599 to Coastal Pacific Food Distributors, Inc. for the period of September 9, 2020, to September 9, 2021 (the "Policy"). The Policy covers automobiles that the company leases, hires, rents, or borrows ("Covered Vehicles") and includes bodily injury coverage limits exceeding $500,000. The Policy was in full force and effect in July of 2021.

8. On July 21, 2021, employee David Alcantar ("Alcantar") was driving a Covered Vehicle when he struck and injured Adrian Juan Zavala who was diving a separate automobile ("the Accident").

9. Travelers is informed and believes that Zavala retained Eric S. Chun and the Avrek Law Firm to represent him to assert claims against Coastal Pacific and Alcantar.

10. On August 5, 2021, the Avrek Law Firm notified Travelers that it represented Zavala.

11. On November 28, 2022, Zavala, through the Avrek Law Firm, made a written offer to settle and release all claims against Travelers' insureds (Coastal Pacific and Alcantar) arising out of the accident. Specifically, Zavala offered to release Coastal Pacific and Alcantar in exchange for Travelers' agreement to pay them the limits of the Policy. Travelers responded to this offer by asking for additional information about Zavala's injuries and damages. The Avrek firm agreed to provide additional information.

12. On April 3, 2023, Travelers spoke with Eric S. Chun about Zavala's demand. Travelers offered Zavala $250,000 to settle his claim against Coastal Pacific and Alcantar. Chun responded that he would discuss the offer with Zavala.

13. On April 5, 2023, Chun left a voicemail at Travelers stating that Zavala was willing to settle his claims against Coastal Pacific and Alcantar for $700,000. Travelers responded by email that it would offer $300,000 to settle.

14. On April 6, 2023, Chun sent Travelers an email stating that Zavala had rejected Travelers' offer but reduced his demand to $675,000. Travelers responded with an offer of $325,000 ("I can get you the release for $325k today and issue payment by week's end if you have the signed release to me soon").

15. On April 13, 2023, Travelers again spoke with Chun about Zavala's demand. Chun said that Zavala would settle for $500,000. Travelers responded with a $400,000 offer. Chun said that Zavala wanted a little more than that. The next day, Travelers sent Chun an email offering to settle Zavala's claims against Coastal Pacific and Alcantar for $415,000.

16. On April 24, 2023, Travelers again spoke with Chun about Zavala's demand. Chun asked if Travelers would offer $450,000. Travelers said it would not and repeated its $415,000 offer ("advised I could do $415k and get a release out to him this week for signature"). Chun said that he would discuss the offer with Zavala.

17. On April 25, 2023, Chun called Travelers and said that Zavala's accepted Travelers' $415,000 offer. Travelers agreed to prepare a proposed release. Later that day, Travelers sent Chun an email confirming the agreement and attaching a proposed release:

> As per our discussion today, your client has agreed to resolve his claim for $415K. Attached please find our Release of All Claims for your client's signature and return. [¶] Please return the properly endorsed release along with your TIN and I will issue the settlement check. [¶] Under separate cover, I will be sending out a confirmation of settlement letter to Mr.

> Zavala, with a cc to you, as we are required by the
> [department of insurance] to complete.

18. On May 2, 2023, Travelers received a voicemail from Chun stating, "I know we reached a settlement last week, but I totally f-ed up on this file" and that he "had to undo this settlement." Later that day, Travelers spoke with Chun who said that he was "in hot water with management at the firm" and "totally fucked up." Travelers said that could not "undo" a settlement under similar circumstances. Chun agreed but explained that he had to fulfill his firm's requirements and try to get more money.

19. On June 23, 2023, Zavala later sued Coastal Pacific and Alcantar for damages arising out of the accident in an action captioned *Adrian Juan Zavala v. Coastal Pacific Food Distributors, et. al.,* California Superior Court for the County of Los Angeles, Case No. 23PSCV01877.

20. On July 6, 2023, Zavala's lawyers sent Travelers an email denying the settlement agreement:

> **From**: Melody Parman <melody@avreklaw.com>
> **Sent**: Thursday, July 6, 2023 3:31 PM
> **To**: Ccampos@Travelers.com
> **Subject**: FQK5819
>
> Ms. Campos,
>
> Our May 26, 2023 demand was not sent in error. There is no settlement for $415,000.00 as you allege. Mr. Chun already spoke with you and told you there is NO settlement. The value of our client's damages far exceed your policy of $750,000.00. In fact, we have evaluated our client's damages to easily exceed $10,000,000.00. We urge you to review the demand that was sent. Again, it was NOT sent in error. This is our FINAL demand for policy limit. Should you fail to tender the policy within 10 business days (a courtesy

extension), we will be pursuing your insured for the FULL value of our client's damages.

21. As a result of Zavala's suit, Travelers is obligated to provide defenses for Coastal Pacific and Alcantar under the terms of the Policy until the lawsuit is settled, is dismissed, or proceeds to judgment, which has or will result in current and future damages to Travelers (including but not limited to attorney fees damages for the defense of Coastal Pacific and Zavala, which fees Travelers would not be incurring but for Zavala's breach) in excess of $75,000.

## FIRST CAUSE OF ACTION
## BREACH OF CONTRACT

22. Travelers incorporates all allegations set forth above as though fully set forth herein.

23. On or about April 25, 2023, Travelers and Zavala entered into an agreement, memorialized in writing, whereby Travelers promised to pay Zavala $415,000 and Zavala promised to release all claims against Coastal Pacific and Alcantar arising out of the accident.

24. Travelers has offered, and continues to offer, to pay Zavala and has tendered to Zavala the sum of $415,000 as provided for in the parties' agreement. Travelers was at all times, and still is, ready, willing, and able to perform all conditions required by and in accordance with the terms and conditions of the contract.

25. Zavala has failed and refused, and continues to fail and refuse, to perform the conditions of the contract on his part in that he sued Coastal Pacific and Alcantar and refuses to execute a settlement agreement or release as provided in the agreement.

26. Travelers has no adequate remedy at law in that damages will not redress the principal harm the agreement was intended to prevent: litigation against Coastal Pacific and Alcantar, a potential judgment against Coastal Pacific and Alcantar, and the potential enforcement of any such judgment against Coastal Pacific and Alcantar. Therefore,

Travelers is entitled to specific performance of the settlement agreement contract as well as all consequential damages from Zavala's breach.

27. As a result of Zavala's failure to honor the settlement agreement between Travelers and Zavala, Travelers has been damaged because: (i) Travelers is paying or will pay lawyers to defend Coastal Pacific and Alcantar against Zavala's suit as well as litigation costs; and (ii) Travelers is exposed to additional future harm from the lawsuit.

28. The total damages Travelers has suffered and will suffer exceeds $75,000.

## PRAYER FOR RELIEF

Travelers prays for judgment against Zavala as follows:

1. That Zavala be ordered to execute and deliver to Travelers a sufficient settlement agreement and release of all claims against Coastal Pacific and Alcantar and to dismiss his action against Coastal Pacific and Alcantar with prejudice;
2. Injunctive relief to prevent future harm;
3. Travelers' litigation costs incurred after June 23, 2023, including attorney fees and costs in defending Coastal Pacific and Alcantar;
4. Other damages in an amount to be determined at trial; and
5. Such other and further relief as the court may deem proper.

Dated: August 10, 2023

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By _____
JOHN T. BROOKS
JEFFREY V. COMMISSO
ANDREW C. DANE
Attorneys for Plaintiff Travelers Property Casualty Company of America